UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ ALMANZA (A-044-214-338), Petitioner, v. MARKWAYNE MULLIN, et al., Respondents. | No. 1:26-cv-5759 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Miguel Gonzalez Almanza (A-044-214-338), a native and citizen of Mexico, who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was detained by immigration officials on March 15, 2026 when he arrived at Fresno Yosemite International Airport seeking admission to the United States as a returning lawful permanent resident. Petitioner has been detained since that time. This habeas action concerns petitioner's detention. For the reasons that follow, this Court recommends that respondents' motion to dismiss be denied, the petition be granted as to claim one and petitioner be provided a bond hearing.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. (ECF No. 11-1 at 1.) Petitioner first came to the United States in February 1988 when he was almost two years old. (ECF No. 1-1 at 2.) On July 13, 1996, petitioner became a lawful permanent resident of the United States. (ECF No. 11-1 at 3.) On October 7, 2011, petitioner was convicted in the Stanislaus County Superior Court of vehicular manslaughter, in violation of California Penal Code § 191.5(a), with an enhancement pursuant to California Vehicle Code § 23558 for causing bodily injury to more than one victim, and for driving under the influence causing injury, in violation of California Vehicle Code § 23153(a). (ECF No. 11-3 at 13-14.) Petitioner was sentenced to 12 years and 8 months imprisonment. (Id. at 13.) On March 15, 2026, petitioner arrived at the Fresno Yosemite International Airport seeking admission as a returning lawful permanent resident. (ECF No. 11-1 at 2.) Immigration officials detained petitioner after determining that petitioner appeared to be inadmissible as a returning long term permanent resident pursuant to Immigration and Nationality Act ("INA") section 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), in that he was a noncitizen who was convicted of two felony crimes of moral turpitude.[2] (Id.) On March 19, 2026, petitioner was issued a Notice to Appear in INA section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 11-2 at 1.) The Notice to Appear identified petitioner as an arriving noncitizen and charged him pursuant to INA section 212(a)(2)(B), 8 U.S.C.§ 1182(a)(2)(B), as a noncitizen convicted of two or more offenses (other than purely political offenses) for which the aggregate sentences to confinement were five years or more. (Id.) The Notice to Appear referred to petitioner's October 7, 2011 convictions for vehicular manslaughter and driving under the influence. (Id. at 4.)

According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's master hearing is September 30, 2026.[4] See

---

[2] The Form I-213 incorrectly identifies INA section 212(a)(2)(A)(i)(II) as the section addressing crimes of moral turpitude.

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute

https://acis.eoir.justice.gov/en. Therefore, petitioner does not have a final order of removal.

## II. PROCEDURAL BACKGROUND

Petitioner filed the petition for writ of habeas corpus on July 23, 2026. (ECF No. 1.) On August 17, 2026, respondent filed a motion to dismiss. (ECF No. 11.) On August 20, 2026, petitioner filed a reply.

This action is related to Almanza v. Charles, No. 1:26-cv-2914 DAD CSK (E.D. Cal.), which was dismissed on July 10, 2026 without prejudice for failure to prosecute.[5] Almanza v. Charles, No. 1:26-cv-2914 DAD CSK (ECF Nos. 14, 15); (ECF No. 10).

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner raises two claims for relief. First, petitioner raises a claim for violation of his Fifth Amendment right to due process based on prolonged detention. (ECF No. 1 at 9-10.)

---

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

[5] This Court takes judicial notice of the records filed in Almanza v. Charles, 1:26-cv-2914 DAD CSK. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2011).

Second, petitioner raises a claim for violation of the INA. (Id. at 10.) In the motion to dismiss, respondents argue that this action should be dismissed as successive of case no. 1:26-cv-2914 DAD CSK or barred by the abuse of the writ doctrine. (ECF No. 11 at 2-3.) Respondents argue that petitioner's detention is mandatory and no bond hearing is available by law. (Id. at 3-5.) Respondents further argue that petitioner should be required to exhaust administrative remedies if the court finds he is detained pursuant to 8 U.S.C. § 1226(c) and that his detention is constitutional. (Id. at 5-9.)

**A. Successive Petition/Abuse of the Writ**

Respondents argue that this action should be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(a) or pursuant to the abuse of the writ doctrine based on petitioner's prior action, case no. 1:26-cv-2914 DAD CSK. (ECF No. 11 at 2-3.) This Court rejects respondents' argument that this action should be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(a) because that bar does not apply to immigration petitions filed pursuant to 28 U.S.C. § 2241.[6]

The "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Id. (citations omitted).

Respondents argue that this action should be dismissed as an abuse of the writ because in both the instant action and case no. 1:26-cv-2914 DAD CSK, petitioner presents the same issues that could have been conclusively decided in case no. 1:26-cv-2914 DAD CSK. (ECF No. 11 at 3.) On April 17, 2026, petitioner filed his pro se petition and motion for temporary restraining

[6] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 8 U.S.C. § 2244(a).

order in case no. 1:26-cv-2914 DAD CSK. See case no. 1:26-cv-2914 DAD CSK (ECF Nos. 1, 2). The petition filed in case no. 1:26-cv-2914 DAD CSK raised one claim: violation of the Fifth Amendment due process clause. See id. (ECF No. 1 at 5.) On April 23, 2026, the district court denied petitioner's motion for temporary restraining order on the grounds that petitioner failed to exhaust his administrative remedies by seeking a Joseph hearing, pursuant to Matter of Joseph, 22 I. & N. 799 (BIA 1999). See id. (ECF No. 11.) The district court referred this matter to the assigned magistrate judge. See id. (ECF No. 11.) On April 24, 2026, this Court ordered petitioner to show cause within fourteen days why this action should not be dismissed based on his failure to exhaust administrative remedies. See id. (ECF No. 12.) After petitioner failed to respond to the order to show cause, case no. 1:26-cv-2914 DAD CSK was dismissed without prejudice for failure to prosecute. See id. (ECF Nos. 14, 15, 16.)

Given that the court dismissed petitioner's prior petition without prejudice and petitioner remains in immigration detention, "respondents' abuse of the writ argument is wholly unpersuasive." Pineda v. Warden, 1:26-cv-6353 DAD JDP, 2026 WL 2428086, at *1 (E.D. Cal. Aug. 19, 2026). This Court further observes that the instant action raises a prolonged detention claim which petitioner could not have reasonably raised in the prior petition. Accordingly, respondents' motion to dismiss this action as barred by the abuse of the writ doctrine should be denied.

**B. Due Process Claim Based on Prolonged Detention**

1. Statutory Basis for Petitioner's Detention

This Court first addresses the statutory basis for petitioner's detention. Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C.§ 1225(b)(2) and 8 U.S.C. § 1226(c)(1)(A). (ECF No. 11 at 4-7.)

"Because lawful permanent residents generally must be regarded as already admitted to the country, they usually do not have to reapply for admission when they return from temporary overseas travel." Blanche v. Lau, 146 S. Ct. 1981, 1986 (2026) (citing 8 U.S.C. § 1101(a)(13(C)). "But…the Government may regard a lawful permanent resident as 'seeking an admission' (and thus as not already admitted) if he 'has committed an offense identified in section

1182(a)(2)[.]" Id. (quoting 8 U.S.C. §1101(a)(13(C)(v)). Section 1182(a)(2)(B) provides that any noncitizen "convicted of two or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were more than 5 or more years is inadmissible."

8 U.S.C. § 1225(b)(2) provides for mandatory detention of a noncitizen who is an applicant for admission. Here, petitioner was convicted of two crimes for which the aggregate sentences of confinement were 5 years or more, as identified by 8 U.S.C. § 1182(a)(2)(B). Therefore, notwithstanding petitioner's legal permanent resident status, petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b)(2) pursuant to 8 U.S.C. § 1101(a)(13)(C)(v). Having found that petitioner is subject to mandatory detention as an applicant for admission, this Court need not consider respondents' argument that petitioner is detained under 8 U.S.C. § 1226(c).[7]

2. Due Process

This Court agrees with other district courts that have addressed whether petitioners subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) may raise Fifth Amendment due process claims based on prolonged detention:

> As the Supreme Court explained in Jennings v. Rodriguez, section 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." 583 U.S. 281, 297 (2018). Until consideration of an individual's application for asylum has concluded, "nothing in the statutory text imposes any limit on the length of detention" and "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." Id.
>
> However, Petitioner's rights are not limited to those laid out by

---

[7] In case no. 1:26-cv-2914 DAD CSK, respondents argued that petitioner was detained pursuant to 8 U.S.C. § 1226(c). See case no. 1:26-cv-2914 DAD CSK (ECF No. 10 at 2-4). Based on this argument, in case no. 1:26-cv-2914 DAD CSK, the district court denied the motion for temporary restraining order after finding that petitioner was detained pursuant to 8 U.S.C. § 1226(c) and that petitioner failed to exhaust administrative remedies by seeking a Joseph hearing. See id. (ECF No. 11.) In the instant action, respondents argue that petitioner is detained under both 8 U.S.C. § 1226(c) and 8 U.S.C. § 1225(b)(2). (ECF No. 11 at 3.) Based on the expanded argument made by respondents in the pending motion to dismiss, this Court respectfully finds that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2).

> statute. Nothing in the Supreme Court's decision in Jennings precludes Petitioner from bringing this as-applied constitutional challenge. See Nielsen v. Preap, 586 U.S. 392, 420 (2019) (explaining that the Court's decision that mandatory detention statute did not provide a bond hearing "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it"). As the Ninth Circuit identified on remand from Jennings, that Supreme Court case solely addressed whether section 1225 itself permits arbitrary prolonged detention and "declined to reach the constitutional question." Rodriguez, 909 F.3d at 255.

Mohammed v. Warden of California City Det. Ctr., 2026 WL 192368, at *2 (E.D. Cal. Jan. 26, 2026) (granting petitioner's motion for temporary restraining order and ordering bond hearing within seven days before an immigration judge of petitioner detained for seventeen months pursuant to § 1225(b)).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. Here, petitioner has now been detained over six months, which exceeds the presumptively reasonable six-month period of mandatory immigration detention established by the Supreme Court, albeit in a different

statutory context. See Zadvydas, 533 U.S. at 701 (recognizing a presumptively reasonable six-month period of detention to effect removal after an order of removal becomes final); see also Bui v. Warden, 1:26-cv-3993 DC JDP, 2026 WL 2390911, at *2-3 (E.D. Cal. Aug. 17, 2026) (finding liberty interest for long term permanent resident detained for over seven months under 8 U.S.C. § 1225(b)(2) pursuant to 8 U.S.C. § 1101(a)(13)(C), and ordering bond hearing); Leyva v. Warden, 1:26-cv-4038 DJC CKD, 2026 WL 2186531, at *3-5 (E.D. July 29, 2026), findings and recommendations adopted, 2026 WL 2286185 (E.D. Cal. Aug. 7, 2026) (finding liberty interest for petitioner detained for approximately six months under 8 U.S.C. § 1226(c), and ordering bond hearing); Singh v. Warden, 1:26-cv-1936 JLT SAB, 2026 WL 1831068, at *1 (E.D. Cal. June 25, 2026) (finding liberty interest for petitioner detained for approximately eight months under 8 U.S.C. § 1226(c), and ordering bond hearing).

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[8] Mathews, 424 U.S. at 335.

---

[8] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and indefinite where he does not yet have a final removal order and further judicial review is available after a removal order. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since March 15, 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. The second factor therefore weighs in petitioner's favor.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has now been detained for over six months and the length of his future detention is unknown where the removal order is not yet final and further judicial review is available. See Bui, 2026 WL 2390911, at *2-3; Leyva, 2026 WL 2186531, at *3-5; Singh, 2026 WL 1831068, at *1.

### C. Remaining Claim

This Court declines to reach petitioner's remaining claim because petitioner is entitled to relief as to claim one. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one (due process).

2. Respondents' motion to dismiss (ECF No. 11) be DENIED.

3. Respondents be ordered to provide petitioner Miguel Gonzalez Almanza (A-044-214-338), with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention. Respondents must provide petitioner and his counsel with at least **seven (7) days'** notice of the bond hearing. Petitioner shall be allowed to have his counsel present at the bond hearing.

3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Alma5759.157.imm.BOND/2