UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ ALMANZA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 1:26-cv-05759-DAD-CSK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENT'S MOTION TO DISMISS, AND GRANTING PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION</u><br><br>(Doc. Nos. 1, 11, 13, 16) |

Petitioner Miguel Gonzalez Almanza is a federal immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition (Doc. No. 1) be granted and respondents' motion to dismiss (Doc. No. 11) be denied. (Doc. No. 13.) Specifically, the magistrate judge concluded that petitioner has a protected liberty interest in his freedom from detention and that his detention has become unreasonably prolonged. (*Id.* at 7–8.) The pending findings and

/////

recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days of service. (*Id.* at 5.) On September 23, 2026, respondents filed timely objections to the findings and recommendations, which are comprised of a single sentence stating that respondents object for the reasons stated in its prior briefing. (Doc. No. 14.)[1] These objections do not provide a basis upon which to reject the findings and recommendations.

On October 16, 2026, petitioner filed a motion for expedited consideration. (Doc. No. 16.) Finally, on October 28, 2026, petitioner filed a notice of changed circumstances (Doc. No. 17) noting that an immigration judge granted[2] petitioner's request for relief from removal proceedings.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on September 16, 2026 (Doc. No. 13) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus, (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to provide petitioner Miguel Gonzalez Almanza, A-File No. 044-214-338, with a bond hearing before an immigration judge/neutral decisionmaker within fourteen (14) days of the date of this order where respondents bear the burden of establishing by clear and

---

[1] Petitioner filed a reply to respondent's objections. (Doc. No. 15.)

[2] The court observes that the petitioner's grant of relief has not yet reached a sufficient degree of finality because either party may appeal the immigration judge's determination to the Board of Immigration Appeals. *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (noting that "a removal order is final only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); *see also* 8 C.F.R. § 1003.3, 1003.38 (providing that, with limited exceptions, where an IJ has adjudicated a relief application, appeals are due within 30 calendar days of the IJ's decision).

convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention. Respondents must provide petitioner and his counsel with at least seven (7) days' notice of the bond hearing. Petitioner shall be allowed to have his counsel present at the bond hearing;

b. In the event petitioner is released on bond, respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a pre-deprivation hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

3. Respondent's motion to dismiss (Doc. No. 11) is DENIED;

4. Petitioner's motion for expedited consideration (Doc. No. 16) is GRANTED;

5. The Clerk of Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE